```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN McCANN                    :        CIVIL ACTION
                               :
     v.                        :
                               :
MICHAEL J. ASTRUE*             :        No. 05-cv-962-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                    August 21, 2007

      Plaintiff filed an amended complaint against his employer, the Social Security Administration ("SSA"), asserting claims of reverse racial discrimination and retaliation under Title VII and 42 U.S.C. § 1981.  I dismissed the § 1981 claim. Defendant has now filed a motion for summary judgment.  The parties have compiled a very complete evidentiary record.  Oral argument was held on the motion, and supplemental briefings received.  The motion for summary judgment will be granted.

      Plaintiff, a white male, was hired by the SSA in 1983, at GS-14, and is still employed there today at the same grade. From 1988 to 2004, plaintiff applied to fourteen GS-15 positions within the SSA, but was never selected.  Ten of these positions were filled by white candidates, three by blacks (the race of one of the successful candidates is not available).  GS-15 positions are filled competitively, in accordance with Merit Systems Protection rules.  A selecting panel or a recommending official

---

      * Substituted pursuant to Fed. R. Civ. Proc. 25(d).

interviews the candidates and makes recommendations to the selecting official.  Candidates who believe they were not selected due to favoritism, political affiliation, or other non-merit factors may file a complaint with the Merit Systems Protection Board ("MSPB"); if the unsuccessful candidates suspect discrimination on an impermissible basis, they may file a complaint with the EEO Office.  Plaintiff never complained to the MSPB about any of his unsuccessful applications.  Plaintiff first contacted the EEO Office in August 2000, after he was not selected to become director of Area 1 (Philadelphia), a GS-15 position, and William Paige, a black man, was.  Plaintiff alleged racial and sexual discrimination, and a past pattern of discrimination based on his non-selections for other GS-15 positions.  In January 2001, after another unsuccessful application for a GS-15 position, plaintiff amended his EEO complaint to allege retaliation.  The EEO Office accepted for investigation the following charges:

>   1.   You claim that based on your age (over 40), race (White), sex (male) and reprisal, you were not selected for the GS-15 Area 1 Director position, which was announced under vacancy announcement number (VAN) F-612.
>
>   2.   You claim that based upon reprisal, you were not selected for the GS-15 Deputy Regional Commissioner for Management Operations Support position, which was announced under VAN F-641.

> You claim that your non-selections constitute a pattern of discrimination.

The EEO Office conducted an investigation from March 2001 to February 2002.  The SSA issued its final decision in July 2003, rejecting plaintiff's claims.  Plaintiff appealed the agency's decision to the EEOC Office of Federal Operations, and received a right-to-sue letter on December 4, 2004.

On February 28, 2005, plaintiff filed this civil action.  Plaintiff alleges that he was not selected for the numerous GS-15 positions he applied to either because he is white, or because he had filed an EEO complaint.  As evidence of the workplace hostility towards white people which plaintiff believes caused his non-promotion, plaintiff alleges the following.  In 1996, Larry Massanari, a white male, who was Regional Commissioner from 1987 to January 2004 and thus the recommending officer for GS-15 positions in Region III, agreed with plaintiff that were he not a white male he would have been promoted already.  Also in 1996, when asked by plaintiff, Massanari confirmed the rumour that the position of Assistant Regional Commissioner for Management and Operating Systems, a GS-15 position, was being reserved for Virginia Flowers, a black woman.  And at a meeting in 1996, Massanari said that "hiring white males will never be a priority."  In 1999, Massanari criticized plaintiff's analysis of a case study where the best

qualified candidate was a black woman.  In February or March 2000, the SSA circulated a memo asking recruitment outreach efforts be made to minority communities.  In May 2002, the Area 1 Manager told plaintiff to fill a vacancy with a black male applicant.  In 2003, Massanari instituted a policy that all hirings of white applicants under the Outstanding Scholar Program (an entry-level hiring program) must be approved by him.

Based on these allegations, plaintiff seeks to recover on the theories that "[f]rom 1983 to 2005, Defendant engaged in a continuous course of conduct of racial discrimination against Plaintiff," and that in retaliation for his complaints "Defendant continued and intensified the discrimination and harassment of Plaintiff" and "denied additional promotions to Plaintiff."

I address first the issue of exhaustion.  Plaintiff first contacted the EEO Office on August 29, 2000.  The amended EEO charge-acceptance letter lists two claims of failure to promote in connection with vacancy positions in 2000 and 2001 and a claim of pattern of discrimination.  Thus, administrative remedies have been exhausted only with respect to these claims. And since EEOC regulation requires federal employees to initiate the EEO process within 45 days of the alleged unlawful act, 29 C.F.R. § 1614.105, it is now too late for plaintiff to invoke the EEO process for alleged discrimination and retaliation from 1983

to 2005.  However, both the exhaustion requirement and the 45-day filing period are non-jurisdictional prerequisites, akin to statutes of limitations and thus subject to equitable tolling in certain limited circumstances.

Plaintiff appears to argue that the continuing violation doctrine should be applied to permit him to recover for discriminatory acts that occurred outside of the limitations period.  It is clear, however, after National R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002), that discrete discriminatory acts, such as failure to promote, are not actionable if time barred.  Such acts may still be used as background evidence to support timely claims.

In contrast, a plaintiff may recover on a hostile environment theory for acts occurring before the limitations period if they were part of the same hostile environment as an act that falls within the filing period.  Id.  Assuming then that plaintiff here is asserting a hostile environment claim,[1] the evidence on the record is clearly insufficient to support such a

---

[1] And also assuming that the EEO case included a hostile environment claim.  The EEO charge-acceptance letter lists a claim that plaintiff's non-selections constituted a "pattern of discrimination," while plaintiff's civil complaint speaks of "a continuous course of conduct of racial discrimination against Plaintiff" and "harassment of Plaintiff."  There is clearly no "pattern-or-practice" claim here.  But I shall construe the EEO charge liberally to encompass a hostile environment claim.

claim.  No rational fact finder could conclude from the four alleged statements by Massanari from 1996 to 1999 that plaintiff was subject to a hostile working environment.

The Morgan Court did not have occasion to address discrete discriminatory and retaliatory acts that occurred after an EEO complaint had already been filed.  The Third Circuit has at times permitted plaintiff to bring claims based on "new acts that occur during the pendency of the case which are fairly within the scope of an EEOC complaint or the investigation growing out of that complaint."  Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir. 1984) (citing, inter alia, Ostapowicz v. Johnson, 541 F.2d 394, 399 (3d Cir. 1976), cert. denied, 429 U.S. 1041 (1977)).  In her supplemental brief, plaintiff's counsel cites Ostapowicz in a desultory fashion, but fails to make any argument that the circumstances of plaintiff's case are such that he should be permitted to bring claims based on alleged new acts of retaliation from 2001 to 2004, which occurred after the EEO complaint was filed.  In any event, as the discussion below will show, there is no evidence supporting plaintiff's claim of retaliation.

Having concluded for these reasons that plaintiff can recover only for the two claims of failure to promote that were presented to the EEO Office, I turn now to the merits.

Plaintiff claims that in 2000 he was not selected for the GS-15 position advertised under VAN F-612 because of racial discrimination and retaliation.  Plaintiff alleges that he was more qualified than the successful candidate, William Paige, a black man.  But it is doubtful that plaintiff will be able to demonstrate a prima facie case of reverse discrimination.  White candidates were selected to fill 10 of the 14 positions plaintiff applied for.  A majority of all GS-15 positions at the SSA were held by white employees.  Moreover, defendant had legitimate reasons for not promoting plaintiff.  Not only the Regional Commissioner Massanari, but also the other senior managers involved in the selection process, thought William Paige was the best qualified candidate for the position because of his strong leadership skills and excellent management ability.  In comparison, plaintiff was considered unsuitable because he had weak leadership skills, exhibited poor judgment at times, and did not maintain smooth working relationships with his subordinates or the union representatives.

Plaintiff has failed to demonstrate that defendant's proffered reasons are pretextual.  Plaintiff claims that in 1996 he said to Massanari that he would be promoted already if he were not a white male, and Massanari agreed with him.  However, this is at most a stray remark by Massanari, made four years before

the GS-15 position at issue and unconnected with the selection process.  Plaintiff also notes that Massanari recommended him for top secret security clearance and assigned him to meet regularly with attorneys to resolve a class action lawsuit against the SSA — thus, plaintiff argues, belying Massanari's claim that he thought plaintiff had poor judgment.  But Massanari describes in his affidavit an incident that supports his opinion of plaintiff.  Plaintiff once agreed to participate in a "sting" operation to lure a fugitive felon into a SSA office during business hours to allow special agents to make an arrest.  Plaintiff did not, however, alert any of the office staff or his superiors of this operation, and absented himself from the office at the time of the scheduled "sting."  Massanari's description of this incident is not disputed by plaintiff.  Nor does plaintiff allege any racial bias on the part of the other senior managers involved in the selection process, all of whom generally share Massanari's opinion of plaintiff.  On such an evidentiary record, no fact finder can reasonably conclude that defendant's proffered reasons are pretextual.

Plaintiff also claims that he was not selected for the VAN F-612 position because of retaliation, but plaintiff does not appear to have engaged in any protected activity before this unsuccessful candidacy.

With respect to the VAN F-622 position — the second failure-to-promote claim presented to the EEO Office — plaintiff alleges that it was his initiation of the EEO process on August 29, 2000 that caused the selection of Robert Murphy (a white man) instead of plaintiff on January 23, 2001.  But plaintiff has offered no evidence at all to support a causal link.  Nor is the timing of the selection, some five months after plaintiff first contacted the EEO counselor and two months after the filing of the formal complaint, so "unusually suggestive" that it can by itself support a finding of causation.  I note also that, in his email to the EEO Office requesting the addition of this retaliation claim, plaintiff stated that another of his applications for a GS-15 position was rejected on the same day (January 23, 2001), but he did not claim retaliation for that rejection.  Furthermore, defendant has produced evidence that Robert Murphy was selected based on merit; plaintiff has offered no counter-evidence.

For all of these reasons, the motion for summary judgment will be granted.

An Order follows.

```
                    IN THE UNITED STATES DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JOHN McCANN                      :         CIVIL ACTION
                                 :
        v.                       :
                                 :
Michael J. Astrue                :         No. 05-cv-962-JF
```

ORDER

AND NOW, this 21st day of August 2007, upon consideration of defendant's motion for summary judgment and plaintiff's response thereto, IT IS ORDERED:

1. Defendant's motion for summary judgment is GRANTED.

2. Judgment is entered IN FAVOR OF Defendant and AGAINST Plaintiff.

3. Pursuant to Fed. R. Civ. Proc. 25(d), the current Commissioner of Social Security, Michael J. Astrue, is substituted for Jo Anne B. Barnhart.


                                         BY THE COURT:


                                         /s/ John P. Fullam
                                         John P. Fullam,   Sr. J.